IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **Suk Johnson** | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | |
| **White Tulip Cleaners, LLC** | § | |
| | § | |
| **Defendants,** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Johnson, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

## I.   NATURE OF SUIT

1.   This is a claim for unpaid wages due as a result of the overtime pay rules required by the Fair Labor Standards Act ("FLSA"), a law passed in 1938 to correct working conditions harmful to the health and well-being of workers. Among other things, the FLSA prohibits employers from allowing workers to work over 40 hours in a week unless the employer pays them one and one-half times their regular rate of pay for those additional hours. *See* 29 U.S.C. § 207(a).

2.   Defendant employs Plaintiff Suk Johnson ("Johnson"), who works more than 40 hours a week for Defendant.  Contrary to the FLSA, Defendant does not pay Johnson the required one and one-half times her regular rate of pay for the additional hours over 40 per week that she works.  Johnson sues to recover the unpaid wages due to her under the FLSA.

## II. PARTIES

3. Plaintiff Suk Johnson is an individual who is employed by Defendant. She hereby consents to be a party in this action, and her consent form is attached as "Exhibit A."

4. Defendant White Tulip Dry Cleaners LLC ("White Tulip") is a domestic limited liability company authorized to do and doing business in the State of Texas. Defendant can be served through its registered agent and owner, Steven Khashab, at 4101 Glen Meadows, Allen, TX 75002, or wherever he may be found.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Johnson's claim arises under federal law.

6. This case was properly filed in this Court, because the acts and omissions occurred in this district and division. Johnson works for the Defendants at a location in Argyle, Denton County, Texas.

## IV. COVERAGE

7. Johnson is a covered, nonexempt employee under the FLSA.

8. Defendant is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. Defendant is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has had employees engaged in commerce, in the production of goods for commerce, or in the handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person, and upon information and belief, Defendant has a gross annual revenue of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

11. At all times hereinafter mentioned, Johnson was an individual employee who was engaged in commerce, in the production of goods for commerce, and/or was employed in an enterprise engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTUAL ALLEGATIONS

12. Defendant White Tulip operates several dry cleaning facilities in North Texas, including a location in Argyle, Texas, where Johnson works.

13. Johnson is employed by Defendant and has worked for Defendant since approximately January 2016.  Throughout her employment, she has consistently worked 40 or more hours in a work week at Defendant's place of business.

14. Johnson is paid on an hourly basis and is only paid straight time for the work she performs.  She is not paid and has not been paid at the rate of time and one half her regular rate of pay for the many hours she has worked for Defendant in excess of 40 hours per week.

16. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Johnson. Defendant is and was aware of its legal obligation to pay overtime and failed to do so.

## VI.  CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17. During the relevant period, Defendant has violated and is violating the provisions of sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods

for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at a at rate no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Johnson in accordance with the law.

## VII.   RELIEF SOUGHT

18.   WHEREFORE,  Johnson prays for judgment against Defendant as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.   For an Order awarding Plaintiff the costs of this action;

c.   For an Order awarding Plaintiff attorneys' fees and costs;

d.   For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

WOOD, THACKER & WEATHERLY, P.C.
400 West Oak, Suite 310
Denton, Texas 76201
(940) 565-6565
(940) 566-6673 FAX


/s/ Susan Motley_____
Susan Motley
Texas Bar No. 24002655
Email:  susan@wtwlawfirm.com
Grace Weatherly
Texas Bar No. 00788632
Email:  grace@wtwlawfirm.com

**ATTORNEYS FOR PLAINTIFF**